Stracar Medical Services, P.C., as Assignee of ETHEL BRANCHCOMB, Respondent,
against
Allstate Property and Casualty Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered March 13, 2014. The order, insofar as appealed from and as limited by the brief, denied the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims which had been denied based on plaintiff's assignor's failure to appear for independent medical examinations.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims which had been denied based on plaintiff's assignor's failure to appear for independent medical examinations are granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment, seeking, among other things, to dismiss so much of the complaint as sought to recover upon claims which had been denied on the ground that plaintiff's assignor had failed to appear for independent medical examinations (IMEs). Insofar as is relevant to this appeal, the Civil Court denied those branches of defendant's motion and held that the only remaining issue for trial as to those claims was the reasonableness of the IME requests. Defendant argues on appeal that these branches of its motion should have been granted.
The court found that there was a question as to the reasonableness of the IME requests because there was evidence that plaintiff's assignor had appeared for other IMEs. However, the no-fault regulations provide that an eligible injured person "shall submit" to IMEs "when, and as often as, the Company may reasonably require" (11 NYCRR 65-1.1; see also Power Supply, Inc. v Praetorian Ins. Co., 46 Misc 3d 146[A], 2015 NY Slip Op 50218[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015] ["an assignor's appearance for any duly scheduled IME or EUO is a condition precedent to the insurer's liability on the policy"]). Contrary to the finding of the Civil Court, the record does not raise any question as to the reasonableness of the IME requests at issue, which were for an orthopedic examination. While, in its cross motion and opposition to defendant's motion, plaintiff attached reports from other IMEs of the assignor, most of those IMEs were in different specialties, such as acupuncture. The only other orthopedic IME report attached, which is dated about four weeks before the first scheduled IME at issue in this case, specifically states that treatment should continue for four weeks, at which time the claimant "should be re-evaluated."
In any event, plaintiff's objections regarding the IME requests should not have been [*2]considered by the Civil Court, as plaintiff did not allege, much less prove, that its assignor had responded in any way to the IME requests (see e.g. Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [1999]; Eagle Surgical Supply, Inc. v AIG Ins. Co., 36 Misc 3d 153[A], 2012 NY Slip Op 51711[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
As plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment on the claims at issue, the order, insofar as appealed from, is reversed and the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon claims which had been denied based on plaintiff's assignor's failure to appear for IMEs are granted.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016